UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. HAYES, JR.,

    Plaintiff,

v.                                 Case No. 5:23-cv-304-TKW-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff—a prisoner at the time he filed this action who has since been released—has filed an amended civil rights complaint, Doc. 7. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND

Plaintiff initiated this action on November 8, 2023, when Plaintiff was confined at the Florida State Prison under DC #J23838. Doc. 1. Plaintiff filed his amended complaint on December 29, 2023. Doc. 7. Plaintiff is suing a prison official at the Northwest Florida Reception

Center—Officer Shelby Blakey—for violating the Eighth Amendment. Specifically, Plaintiff alleges that Blakey used excessive force on him on June 2, 2023, when Blakey was responding to a disturbance (inmates fighting) in the chow hall. As relief, Plaintiff seeks damages and for Blakey to be criminally prosecuted.

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a

plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012).

B.  **Plaintiff's Reponses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 7 at 8-12. Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal**

*court* either challenging your conviction or relating to the conditions of your confinement?" Doc. 7 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Plaintiff marked "No," and disclosed no cases. *Id*. at 10-12.

At the end of the civil rights complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 7 at 12-13. Thus, Plaintiff has in effect stated that at the time he filed his amended complaint in this case, he had not filed any habeas corpus petition or appeal in federal court challenging his conviction.

## C. Plaintiff's Omissions

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his original and amended complaints in this case, he had filed two prior cases that required disclosure. Specifically, on October 16, 2017, Plaintiff filed a habeas corpus petition under 28 U.S.C. § 2254, in the United States District Court for the Middle District of Florida challenging his convictions for possessing cocaine and being a felon in possession of a firearm in Duval

County Circuit Court Case No. 2012-CF-4242. *See Hayes v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-cv-01159-TJC-PDB, Doc. 1 (M.D. Fla. Oct. 16, 2017). The Middle District denied the petition on December 7, 2020. *Id.* at Docs. 17, 18.

Plaintiff then filed an appeal from the denial of his federal habeas petition. *See Hayes v. Sec'y, Fla. Dep't of Corr.*, No. 21-10516-J (11th Cir. Feb. 18, 2021). The appeal was closed on June 17, 2021, upon the Eleventh Circuit denying Plaintiff's motion for a certificate of appealability. *See* Case No. 21-10516, Doc. 9.

The foregoing habeas petition and appeal fall squarely within the complaint form's disclosure requirements. Plaintiff's failure to disclose the prior cases violates Plaintiff's duty of candor to this court.

**D.    The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered

> in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable

authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Plaintiff falsely responded to a question on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 7 at 8.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp.

1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.     The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Plaintiff's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior civil action; noting that the action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior habeas petition).

If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form. An appropriate sanction for

Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, \*1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at \*1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the

Complaint form should have known, that disclosure of the relevant prior actions was required"); *Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form.").

Inadvertence does not excuse Plaintiff's conduct. *See, e.g., Burrell*, 857 F. App'x at 624 (rejecting prisoner's argument that omission of cases was not malicious because he merely forgot them; prisoner's response to straightforward question on complaint form was signed under penalty of perjury and was contradicted by his litigation history); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *2-3 (11th Cir. July 1, 2022) (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and his omission was harmless; complaint form clearly required disclosure); *Rizvi v. Payne*, No. 5:22-cv-257-TKW/MJF, 2023 WL 2250622 (N.D. Fla. Feb. 27, 2023) (rejecting prisoner's argument that his omission of case was not an abuse of the judicial process because it was an "honest mistake;" question on complaint form clearly required disclosure, and prisoner signed response under penalty of perjury).

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. §§ 1915A(b)(1) and § 1915(e)(2)(B)(i).

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 11th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**